RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0149p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

  *Plaintiff-Appellant*,

  *v.*

KRISTEN BRENNER,

  *Defendant-Appellee*.

No. 19-5647

───────────────

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 2:18-cr-20079-1—Sheryl H. Lipman, District Judge.

Decided and Filed:  July 1, 2021

Before:  STRANCH, READLER, and MURPHY, Circuit Judges.

───────────────

## COUNSEL

**ON BRIEF AND MOTION TO DISMISS:**  Karen Hartridge, UNITED STATES
ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellant.  **ON BRIEF:**  Unam Peter Oh,
OFFICE OF THE FEDERAL DEFENDER, Memphis, Tennessee, for Appellee.

───────────────

## OPINION

───────────────

JANE B. STRANCH, Circuit Judge.  Kristen Brenner pled guilty to being a felon in
possession of a firearm and ammunition.  The Government sought to enhance her sentence under
the Armed Career Criminal Act (ACCA) based on a Tennessee reckless aggravated assault
conviction related to impaired driving.  The district court agreed with Brenner's argument that
Tennessee reckless aggravated assault could not be a "violent felony" for the ACCA's purposes.

The Government appealed the district court's order and we held this case in abeyance pending the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817, 2021 WL 2367312 (2021).  Analyzing the same statute under which Brenner was convicted, *Borden* held that the ACCA's elements clause does not "include[] offenses criminalizing reckless conduct."  *Id.* at *5 (plurality opinion).  After *Borden*, the Government moved to dismiss its appeal.  We **GRANT** that motion.

The Government's motion appears to be a request for voluntary dismissal under Federal Rule of Appellate Procedure 42(b).  Rule 42(b) leaves the decision whether to grant or deny the motion to our discretion, but "motions to dismiss an appeal by an appellant are normally granted." *Township of Benton v. County of Berrien*, 570 F.2d 114, 118–19 & n.9 (6th Cir. 1978). We see no injustice or unfairness that would result from granting the Government's motion. *See* 16AA Charles A. Wright et al., *Federal Practice and Procedure* § 3988 (5th ed. Apr. 2021 update) (collecting cases discussing when Rule 42(b) motions can be denied).  That is so in large part because *Borden* now squarely governs this case, contravening the arguments the Government raised in this appeal.

In 2018, Brenner was indicted and pled guilty without a plea agreement to one count of being a felon in possession of a firearm and one count of being a felon in possession of ammunition, both in violation of 18 U.S.C. § 922(g).  Brenner had been convicted of three Tennessee felonies relevant to this appeal:  aggravated assault in 2005, aggravated assault while acting in concert in 2014, and reckless aggravated assault in 2014.

Under the ACCA, 18 U.S.C. § 924(e)(1), Brenner must be sentenced to a 15-year minimum for her § 922(g) convictions if the Government proves that she had three prior convictions for "violent felonies." *United States v. Amos*, 501 F.3d 524, 526 (6th Cir. 2007). For an offense to qualify as a "violent felony" under the ACCA's elements clause, it must have "as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-force" or "elements" clause).  18 U.S.C. § 924(e)(2)(B)(i).  The presentence report recommended that the district court sentence Brenner to the mandatory minimum based on the three Tennessee felony convictions.  The court agreed with Brenner's argument that her reckless aggravated assault conviction is not a "violent felony" subject to the

ACCA enhancement and sentenced Brenner to a within-Guidelines term of 110 months' imprisonment.

The Supreme Court confirmed that decision in *Borden*, holding that the ACCA's elements clause does not "include[] offenses criminalizing reckless conduct." 2021 WL 2367312, at *5 (plurality opinion); *id.* at *12 (Thomas, J., concurring in the judgment). The Court explained that the ACCA's use of the phrase "against another" "demands that the perpetrator direct his action at, or target, another individual," and "[r]eckless conduct is not aimed in that prescribed manner," so the ACCA's elements clause does not cover it. *Id.* at *5 (plurality opinion); *see* 18 U.S.C. § 924(e)(2)(B)(i). Instead, the crimes that the ACCA's elements clause covers "are best understood to involve not only a substantial degree of force, but also a purposeful or knowing mental state—a deliberate choice of wreaking harm on another, rather than mere indifference to risk." *Borden*, 2021 WL 2367312, at *9 (plurality opinion); *id.* at *12 (Thomas, J., concurring in the judgment). Otherwise, as the Court warned, sentencing courts would improperly "impose large sentencing enhancements on individuals (for example, reckless drivers) far afield from the 'armed career criminals' ACCA addresses." *Id.* at *5 (plurality opinion).

Because we apply the law as it currently stands, *see Henderson v. United States*, 568 U.S. 266, 271 (2013), *Borden* controls Brenner's case. *Borden* analyzed the very statute under which Brenner was convicted, 2021 WL 2367312, at *3 (plurality opinion), which refers to a person "[r]ecklessly commit[ting] an assault,"[1] Tenn. Code Ann. § 39-13-102(a)(1)(B). Tennessee law specifies that a person "acts recklessly with respect to circumstances surrounding the conduct or the result of the conduct when the person is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." *Id.* § 39-11-302(c). "The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the accused person's standpoint." *Id.* Under *Borden*, that mens rea is insufficient. *See*

---

[1]Brenner's reckless aggravated assault conviction relied on the prosecution's contention that she used her car as a deadly weapon, a theory sometimes employed in Tennessee DUI prosecutions. *See* Tenn. Code Ann. § 39-13-102(a)(1)(B)(iii); *State v. Cross*, 362 S.W.3d 512, 517 (Tenn. 2012). That variation of the offense involves the same mens rea of recklessness. *See* § 39-13-102(a)(1)(B). Brenner was separately convicted of DUI.

2021 WL 2367312, at *5 (plurality opinion).  *Borden* thus prohibits use of convictions for offenses criminalizing reckless conduct—including Brenner's conviction of Tennessee reckless aggravated assault—to satisfy the ACCA's elements clause.  The Government's withdrawal of its prior arguments to the contrary is appropriate.

Accordingly, we **GRANT** the Government's motion to dismiss this appeal.